IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | | |
| | ) | CAUSE NO: |
| Vs. | | |
| | ) | **1:09 CR 278-1** |
| BEDRI KULLA, | | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT

## OF MOTION TO STAY PENDING APPEAL

### I. FACTUAL BACKGROUND

 At a sentencing Hearing on September 24, 2010, the court found Defendant guilty of a civil rights violation subsequently Kulla was sentenced by this Court to a total of 12 months imprisonment to be followed by one year of Supervised Release.

 Defendant Kulla was ordered to report to the federal facility designated by the Bureau of Prisons on November 5, 2010.

 On November 2nd, 2010, Kulla filed a Notice of Appeal of his conviction and sentence to the United States Court of Appeals for the Fourth Circuit.

 On November 3, 2009, Kulla paid the special assessment fee as ordered by the court.

 For the following reasons, Kulla now respectfully moves this Court to issue an Order permitting him to remain free on bond pending the resolution of his appeal.

[Summary of pleading] - 1

## II. ARGUMENT:

A person convicted of a federal crime is eligible for release during an appeal if a court finds:

(A) by clear and convincing evidence that the person is not likely

to flee or pose a danger to the safety of any person or to the

community if released . . . and

(B) that the appeal is not for the purpose of delay and raises a

substantial question of law or fact likely to result in –

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143 (b) (1).

In the present case, Mr. Kulla respectfully submits that he should be allowed to remain on bond pending appeal because he is not a flight risk, because he is not a danger to society or to any person, because his appeal is not for the purposes of delay, and because there is a substantial question of law and fact likely to result in a sentence that does not include a term of imprisonment.

A. Mr. Kulla Is Not Likely to Flee or Pose a Danger to the Safety of Any Person or

to the Community If Released.

It is almost indisputable that Mr. Kulla is not likely to flee if he is allowed to stay out on bond pending the outcome of his appeal. First of all, Mr. Kulla has been permitted by this Court to travel, even after his conviction, and during this time he has caused no problems or attempted to flee. Certainly, if Mr. Kulla were a flight risk, he would have likely already attempted to flee.

Mr. Kulla has been aware of the investigation and pending criminal charges for quite some time,

yet has made no attempts to leave or avoid prosecution previously. Further weighing against any concerns that Kulla is a flight risk is the fact that Mr. Kulla has maintained his residence in Morrisville, North Carolina.

Furthermore Mr. Kulla attended all court-ordered and probation appointments without delay, and indeed has attended all court hearings and arguments prior to sentencing. Kulla has abided by and faithfully followed all terms of his release imposed by this Court and has complied with all recommendations of his probation officer over the time that this case has been pending, thus demonstrating his willingness and his desire to comply with the law and avoid any future trouble. Mr. Kulla has regained employment as of August 25, 2010.

Moreover, Kulla is facing a relatively short prison term of 12 months, and, as shown below, believes that he has substantial and favorable arguments on appeal, thus further limiting any possible incentive he could theoretically have to flee. Furthermore, he does not have a passport and thus could not leave the country even if he desired. Simply put, there is no real danger that Mr. Kulla would flee, a fact at least arguably acknowledged by this Court in its Order allowing the Defendant to self-surrender to the designated prison.

Similarly, Mr. Kulla would not pose a danger to his community or any person if allowed to stay out pending appeal. Without demeaning the seriousness of this crime, it is clear that it was not in any way a violent crime or physically threatening to others. In fact, Mr. Kulla has never been convicted of any violent crimes, nor has he had any serious interactions with the law other than what has arisen from the instant offense.

In sum, there is no indication whatsoever that he is a danger or threat to anyone in the community and thus Kulla can remain free released pending appeal.

**B.** The Appeal Will Raise Substantial Questions of Law and Fact Likely to Result in a Reversal, a New Trial, or a Reduced Sentence to a Term of Imprisonment less than the Total of the Time Expected for the Duration of the Appeal Process.

As such, it is submitted that these issues are likely to result in a reversal, an order for a new trial, or a reversal on some counts which would likely result in a reduced sentence of less time than is expected for the duration of the appeal process.

Defendant will briefly outline the issues to be raised on appeal and refer the Court and opposing counsel to the relevant documents where those issues have raised and preserved by counsel in Objections to the Pre-sentence Report.

Defendant submits that the following issues, numbered (1) through (3), will be raised on appeal, and present substantial questions of law or fact likely to result in a reversal, new trial, or reduced sentence:

I. Whether or not the Defendant was denied the Effective Assistance of Counsel

II. Whether or not the Defendant's sentence was imposed in violation of the Supreme Court ruling in Apprendi v. New Jersey , 530 U.S. 466 (2000), in that factors not plead to, or admitted to, nor found by jury were utilized to enhance his sentence.

III. Whether or the Defendant's sentence was fashioned absent consideration of the factors outlined in 3553(a)(1(2).

Thus, a favorable decision from the Fourth Circuit could result in a term of imprisonment less than the total time the Defendant will serve during the expected duration of the appeal process. Moreover, if the Defendant's appeal is successful, the Court will also have the authority to utilize alternatives to imprisonment. U.S.S.G. § 5C1.1(d). However, incarceration will deny the Defendant the possible benefit of such alternatives.

For all these reasons, the Defendant hereby moves for an order that he be allowed to remain on bond subject to the same terms and conditions as the Court deems appropriate, pending his appeal.

## CONCLUSION

Because, as shown above, Mr. Kulla is not a flight risk, because he is not a danger to society or to any person, because his appeal is not for the purposes of delay, and because there is a substantial question of law and fact likely to result in a reversal, a new trial, or at least a reduced sentence of less time than is expected for the duration of the appeal process, and pursuant to 18 U.S.C. § 3143(b)(1), Defendant Bedri Kulla respectfully moves this Court allow him to remain released on bond pending the outcome of his appeal.

Respectfully submitted,

This 8th day of November, 2010.

_____

Bedri Kulla,

Defendant, pro se

403 Adelaide Circle
Morrisville, North Carolina 27560

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION


UNITED STATES OF AMERICA ) 
      Plaintiff, 

                      )     CAUSE NO:

Vs. 

                      )     **1:09 CR 278-1**

BEDRI KULLA, 
      Defendant.       )

                      )
_____ )


## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing:

 MOTION TO STAY PENDING APPEAL
and
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PENDING APPEAL


on the below mentioned attorney by placing same in sealed prepaid envelope and mailed
to:


ANAND P. RAMASWAMY
NCSB #24991
Assistant United States Attorney's Office
324 West Market Street
Middle District of North Carolina
P.O. Box 1858
Greensboro, North Carolina 27402

with sufficient postage attached to carry same to its destination.


                This the 8th day of November, 2010.


                   **[Summary of pleading]** - 1

1

2

3
_____

Bedri  Kulla,
Defendant, pro se

403 Adelaide Circle

Morrisville, North Carolina 27560

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26